IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | Criminal No. 09-332 |
| | ) | |
| | ) | |
| | ) | |
| TODD D. COVERT | ) | |

## Opinion

On July 7, 2010, Defendant pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(b). Defendant was sentenced on October 26, 2010, to a term of imprisonment of 37 months to be followed by five years' supervised release. Prior to sentencing the government filed a Motion to Continue (Doc. 38) the sentence based on its Request for Restitution on Behalf of a Victim (Doc. 39). The Court and counsel agreed to proceed with sentencing and to defer ruling on the issue of restitution pursuant to 18 U.S.C. § 3664(d)(5).

The government requests that we award monetary restitution under 18 U.S.C. § 2259 to a victim depicted in child pornography. This Defendant possessed the images of the victim, but was not involved in the victim's original abuse or creation of the images. This is an issue seen with increasing frequency before district courts around the country. Judge Nora Barry Fischer of this district issued the opinion in United States v. Hardy, 707 F.Supp.2d 597 (W.D.Pa. 2010). As explained below we decline to order restitution in this case.

## Background

Defendant Todd D. Covert pleaded guilty to one count of possession of material depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(4)(b).

Following the execution of a search warrant at Defendant's residence, the Pennsylvania State Police conducted a forensic examination of the property seized revealing that Defendant possessed a total of 168 images and 17 movie files, depicting child pornography. The government sent the images to the National Center for Missing and Exploited Children, which determined that 41 of the images and 6 of the movie files are of children who have been identified by law enforcement. With regard to the instant restitution issue, two of the images are from the "Misty" Series of images wherein the victim has been identified as "Amy."

"Amy", a pseudonym used by the victim to protect her anonymity, is represented by James Marsh, Esquire, of New York, who is seeking restitution for Amy in this case, as well as in other cases throughout the United States where the "Misty" series has been identified. The Court has received under seal Mr. Marsh's Request for Restitution on behalf of Amy in accordance with the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act. Attached to the Request are the Victim Impact Statement of Amy; the Report of Psychological Consultation by Joyanna Silberg, Ph.D., dated November 21, 2008; and a Letter Calculating the Value of Certain Losses by the Smith Economics Group, Ltd., dated September 15, 2008.

Mr. Marsh seeks restitution in the amount of $3,367,854, consisting of $512,681 representing the cost of Amy's future treatment and counseling, and $2,855,173, representing Amy's lost and reduced income as a result of her abuse and exploitation. In addition, Mr. Marsh seeks additional restitution for Amy's expert witness fees and costs of $17,603, as well as attorney's fees and costs incurred in the instant case estimated to be approximately $3,500 at this time. Thus, the total amount of restitution sought is $3,388,957.

Restitution is sought pursuant to 18 U.S.C. § 2259, which provides as follows:

> (a) In general.-Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
>
> (b) Scope and nature of order.-
>
> (1) Directions.-The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
>
> (2) Enforcement.-An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
>
> (3) Definition.-For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for-
>
> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.
>
> (4) Order mandatory.-(A) The issuance of a restitution order under this section is mandatory.
>
> (B) A court may not decline to issue an order under this section because of-
>
> (i) the economic circumstances of the defendant; or
>
> (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.
>
> (c) Definition.-For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

18 U.S.C. § 2259.

The government bears the burden of demonstrating by a preponderance of the evidence "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e); United States v. Graham, 72 F.3d 352, 356 (3d Cir.1995). The government requests that the Court award the full amount of restitution sought by Amy, or $3,388,957. In the alternative, the government requests that the Court award restitution in an amount that "reflects, in some fair proportion, the harm to Amy from the conduct of" the Defendant. (Brief on Restitution, at 9.) In contrast, Amy's attorney Mr. Marsh requests only that we award the full amount of Amy's losses in accordance with section 2259, emphasizing that "[t]here is nothing in the statute that provides for a proportionality analysis." (Request for Restitution, at 30.) Before determining a restitution amount, Defendant requests the opportunity to contest the evidence supporting the requested restitution amount.

The government provided as an exhibit to its Brief a selective and non-exhaustive compilation of restitution decisions regarding two child victims who have actively sought restitution throughout the United States. Defendant moves to strike the exhibit as incompetent, irrelevant, immaterial, and misleading. While we see no need to strike the exhibit we are in agreement with Defendant that the exhibit cannot be relied upon as an indication of the general acceptance of restitution awards. Moreover, we agree with Judge Fischer's observation that such a list provides "little guidance to the Court, and [will be] attributed no significance expect as a source of case citations." Hardy, 707 F.Supp.2d at 599 n.1.

We must first determine whether Amy is a "victim' of Defendant's offense under section 2259(c). Next, we examine whether Defendant's conduct is the proximate cause of the harm Amy suffered. Finally, we address the issue of the amount of restitution.

## Whether Amy is a "Victim" under Section 2259

Defendant does not concede that Amy is a "victim" of his crime as defined by section 2259, and instead focuses his argument solely on the proximate cause issue. He requests the opportunity to brief this issue should the court determine that Mr. Covert's possession of images could proximately cause Amy's losses. We agree with Judge Fischer that whether Amy is a "victim" under section 2259 is "not an open question." Hardy, 707 F.Supp.2d at 604 n.7.

A defendant can only be required to pay restitution to a "victim" of his crime. 18 U.S.C. § 2259(b)(1). Under section 2259, "the term 'victim' means the individual harmed as a result of a commission of a crime under this chapter, . . . ." 18 U.S.C. § 2259(c).

As explained by Judge Fischer, the United States Supreme Court in New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348 (1982), "detailed how child pornography harms the children depicted."

> The Court underscored the seriousness of child pornography by stating Congress' finding that "[c]hild pornography and child prostitution have become highly organized, multimillion dollar industries that operate on a nationwide scale ... [and that the] use of children as ... subjects of pornographic materials is very harmful to both the children and the society as a whole." Ferber, 458 U.S. at 749, 759, 102 S.Ct. 3348. The creation of child pornography harms children by hindering the development of healthy sexual and affectionate relationships with others, creating sexual dysfunction, and by creating potential future child abusers. Id. at 758-59, 102 S.Ct. 3348. The subsequent proliferation and distribution of a child's pornographic images enhances the severity of the initial harm suffered by creating an indelible record of his or her past abuse. Id. at 759, 102 S.Ct. 3348. Children depicted in pornography suffer throughout life with the knowledge that the record of their abuse is widely available, and this knowledge creates a lasting and severe emotional disturbance. Id. at 760, 102 S.Ct. 3348.

Hardy, 707 F.Supp.2d at 604. Likewise, in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389 (2002), the Supreme Court found that "as a permanent record of a child's

5

abuse, the continued circulation [of the images] itself would harm the child who had participated." 535 U.S. at 249. "Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being." Id.

The United States Court of Appeals for the Third Circuit explained the harm suffered by victims of child pornography as follows:

> Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography. . . . Their injuries and the taking of their innocence are all too real. There is nothing "casual" or theoretical about the scars they will bear from being abused for [defendant's] advantage.

United States v. Goff, 501 F.3d 250, 259 (3d Cir.2007). The Court further stated:

> The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials. "The materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." New York v. Ferber, 458 U.S. 747, 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); see also Osborne v. Ohio, 495 U.S. 103, 111, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) ("The pornography's continued existence causes the child victims continuing harm by haunting the children for years to come."). Consumers such as [defendant] who "merely" or "passively" receive or possess child pornography directly contribute to this continuing victimization. Having paid others to "act out" for him, the victims are no less damaged for his having remained safely at home, . . . .

Id. (see also United States v. Monzel, 2010 WL 4261429, *6 (D.D.C. Oct. 22, 2010)("It is beyond dispute that child pornography victims suffer from trauma as a result of their sexual abuse, and that the knowledge that anonymous individuals continue to view and distribute images of their abuse exacerbates the victims' feelings of fear, anxiety, and powerlessness." (citing cases).)

We disagree with Defendant's argument that Amy is not a victim of his crime because he did not pay for the images and he used free file sharing software. (Defendant's Memorandum of Law Regarding Restitution, at 12 n.4.) Defendant's argument is that

6

because he was not involved in creating a market and economic incentive for producers of child pornography, he did not cause harm to the victim. (Id., citing Goff, 501 F.3d 250.) We do not read the Supreme Court and Third Circuit Court's above-cited language to be limited to cases where an economic transaction occurs.

There is no doubt that economic incentives increase the market for child pornography but merely because a possessor of the images did not pay for the images does not detract from the harm identified by the Courts. While financial reward may have played a part in the initial creation of the pornography and its continued circulation, the Supreme Court recognized that "subsequent proliferation and distribution of a child's pornographic images enhances the severity of the initial harm suffered by creating an indelible record of his or her past abuse." Ferber, 458 U.S. at 759, 102 S.Ct. 3348. An image that is "proliferated" and "distributed" is also eventually possessed, regardless of whether the possessor paid for the image. Thus, the harm to the child is enhanced by the mere possession of the image.

Likewise, regardless of any financial reward received by the producer or distributor of child pornography the victims "depicted in pornography suffer throughout life with the knowledge that the record of their abuse is widely available, and this knowledge creates a lasting and severe emotional disturbance." Id. at 760, 102 S.Ct. 3348. Indeed, the "wide availability" of the "Misty" series is what allowed Defendant here to possess the images of Amy through free file sharing software.

We therefore find that Amy was a victim of Defendant's possession of the two images in which she appeared as a young child. "Amy's appearance in images held by Defendant makes her an 'individual harmed as a result of a commission of a crime' under §

2259, and therefore a victim for purposes of ordering restitution under § 2259." Hardy, 707 F.Supp.2d at 605.

## Proximate Cause

Amy's attorney's position on causation is that no causal connection between Defendant's conduct and Amy's harm need be shown. Relying on the language of section 2259, Mr. Marsh asserts that once it is determined that Amy is a victim, an award of the full amount of restitution is mandatory. (Request for Restitution, at 12.)

In contrast, the government contends that it "must establish that the defendant's crime was the proximate cause of the victim's loss." (United States Brief on Restitution, at 6, citing United States v. Crandon, 173 F.3d 122, 125, 126 n.3 (3d Cir.1999).) The government submits that Defendant's possession of the child pornography images has proximately caused injury to Amy through the continued exploitation of these images. The government notes that Dr. Silberg's report indicates that Amy is re-traumatized each time she discovers that her image has been found in another defendant's possession. Although Defendant is one of many defendants who have possessed Amy's image, the government argues that his conduct is a substantial factor in causing her continuing harm and economic losses.

In response, Defendant argues that the government is unable to show a loss proximately caused by this Defendant as required by section 2259. Although he possessed two images of Amy, he argues that he did so unknowingly and he was not involved in the physical abuse of Amy or the production of images of her. He further argues that his circumstances are sufficiently distinguishable from Mr. Hardy's. Mr. Covert was convicted only of possession of child pornography, whereas Mr. Hardy was convicted of receipt, possession, and distribution of child pornography. Defendant argues that to the extent Mr.

8

Hardy was found to have proximately caused Amy's harm and loss it was due to the fact that he distributed the images.

We have the benefit of hearing this issue in light of Judge Fischer's well-reasoned and thorough opinion in Hardy in which she concluded that proximate cause is required for an award of restitution under section 2259. 707 F.Supp.2d at 605-610 (reviewing and analyzing the language of section 2259 and the legislative history of 2259 and other restitution statutes). In addition, "[e]very Circuit to address restitution under § 2259, including this Circuit, has held that the statute requires a causal connection between the victim's losses and the defendant's offense." Hardy, 707 F.Supp.2d at 605 (citing In re Amy, 591 F.3d 792, 794 (5th Cir.2009) ("Courts across the country have followed and applied the proximate-cause requirement in imposing restitution under Section 2259" (collecting cases)); United States v. Laney, 189 F.3d 954, 965 (9th Cir.1999) (holding that § 2259 "requires a causal connection between the offense of conviction and the victim's harm."); Crandon, 173 F.3d at 125 (requiring showing of "proximate cause"). We similarly find that 18 U.S.C. § 2259 requires that a victim's losses be proximately caused by the criminal acts of Defendant for restitution to be awarded. Hardy, 707 F.Supp.2d at 610.

Having found that there is a proximate causation standard, we must exercise care that we do not turn section 2259 into a strict liability statute solely on the basis of the fact that we have found that Amy is a victim of Defendant's conduct under the statute. Rather we must examine the evidence to determine if *this* Defendant's conduct in *this* case was a substantial factor in Amy's damages. Crandon, 173 F.3d at 126; United States v. Van Brackle, 2009 WL 4928050, *4 (N.D.Ga. 2009)("court is not authorized to award restitution for losses that

the government cannot establish as proximately caused by *this* offense and by *this* defendant).

In Van Brackle, the District Court denied restitution stating as follow:

> The government has presented ample evidence of tragic harms both past and future, and the court is profoundly aware of what the claimants have and will continue to suffer as victims of child abuse and child pornography. However, the government has not presented any evidence whatsoever that would permit the court to estimate with reasonable certainty what portion of the claimants' harm was proximately caused by defendant's act of receiving child pornography, as opposed to the initial abuse or unknown other acts of receipt and distribution that occurred before and independent of defendant's act. Instead, the evidence tends to establish a total amount of harm resulting from all the abuses suffered, including the initial abuse and the initial distribution of the child pornography. The restitution request seeks to recover from defendant all losses resulting from all acts by all abusers, without regard to proximate causation. In the absence of evidence of proximate causation, a restitution award would be pure speculation and would risk violating the Eighth Amendment. The court is not authorized by statute or precedent to make such an award.

Van Brackle, 2009 WL 4928050, *4.

The District Court in United States v. Berk, 666 F.Supp.2d 182 (D.Me. 2009) also denied an award of restitution, but first described the real harm that the victims in that case suffered:

> While a significant portion of the harm that the Victims have suffered was solely caused by the original abuse, some of the Victims' harm clearly arises out of the widespread availability of their images and the possession of their images by individuals such as the Defendant. For example, the Victims experience distress when they think about someone viewing their images and possibly being motivated to abuse a child in the same manner that they were abused. The Victims are afraid that their images might be used by an abuser to "groom" an unwitting child. They experience anxiety when they are in public because they wonder whether people they encounter have seen their images. The Victims feel a lack of control because they know that there is nothing they can do to remove the images of their abuse from the public realm. All of these feelings contribute to their losses in that they need to continue attending counseling and taking medication. These feelings also impact their ability to find meaningful employment, which results in lost earnings.

Berk, 666 F.Supp.2d at 190-191. The Court in Berk, however, distinguished the "generalized" harm suffered by the victims from the question of what damages were proximately caused by the specific acts of Berk:

> [T]he Court finds that there is nothing in the record showing a specific loss that was proximately caused by this particular Defendant's possession of the victims' images. The losses described the by the Victims are generalized and caused by the idea of their images being publicly viewed rather than caused by this particular Defendant having viewed their images. In the documentation supporting the Victims' restitution requests, there is no mention of the impact that learning of Mr. Berk's offense had on either of the Victims. In fact, there is no mention of Mr. Berk at all.

Id. at 191.

In United States v. Paroline, 672 F.Supp.2d 781(E.D.Tex.2009), the government similarly argued that the proximate cause requirement was met "because Amy was obviously 'harmed' by [the defendant's] conduct." Id. at 791. The District Court found that the government was "conflating the proximate cause requirement with the requirement that the victim be harmed as a result of [the defendant's] conduct." Id. In other words, the Court required that the government do more than show that Amy is a victim under the statute who was harmed (which the Court agreed had been shown). The government must also show "how much of her harm, or what amount of her losses, was proximately caused by [the defendant's] offense." Id. In denying the request for restitution the Court stated as follows:

> The losses described in Amy's reports are generalized and caused by her initial abuse as well as the general existence and dissemination of her pornographic images. No effort has been made to show the portion of these losses specifically caused by Paroline's possession of Amy's two images.

Id. at 792. See also United States v. Woods, 689 F.Supp.2d 1102, 1112 (N.D.Iowa 2010)("there is no evidence in the record as to what losses were caused by Defendant's

possession of [the victim's] images."); United Sates v. Faxon, 689 F.Supp.2d 1344, 1360-1361 (S.D.Fla. 2010)(finding that child victims are "victims" under the statute and "have suffered compensable losses as a result of the abusive acts of their respective perpetrators, [but] there is no evidence in the record to justify . . . finding that any of the losses have any causal relation to any of the specific criminal conduct of the Defendant in this case.")

In United States v. Aumais, WL 3033821 (N.D.N.Y. 2010), a different result was reached. This case also involved a request for restitution from Amy; the Magistrate Judge found that the defendant's conduct of possessing images of the victim was a substantial factor in causing the victim harm. 2010 WL 3033821, *6. The Court found that the defendant's possession of the images "exacerbated the harm to Amy from the original abuse . . . both by creating a market for the transfer of those images and by perpetuating and expanding the humiliation and degradation which Amy experiences from the existence of the images, . . . ." Id. The Court found no significance in the fact that Amy "had no direct contact with [defendant] nor even knew of his existence, [the defendant's] possession and use of Amy's images caused her harm because she knew that she was being exploited by a group of consumers; and, although unknown to Amy, [defendant] was one such consumer." Id.

We are uncertain how this approach differs from our initial determination that Amy was a "victim" under section 2259 who was harmed as a result of the commission of Defendant's crime. In our estimation, proximate causation requires that victims "as defined under the statute must have their damages relate in some way, shape or form to the criminal conduct committed by the Defendant in this case[,] [o]therwise, this would simply be a strict liability statute wherein anyone who was convicted of a crime under the applicable chapter would automatically be responsible for" the victim's damages. Faxon, 689 F.Supp.2d 1344.

This is the position that Amy's counsel takes. He asserts that under the statute "[t]here is no basis for requiring a proximately causal connection between the victim's losses and the defendant's specific criminal conduct." (Request for Restitution, at 26.) "Once a defendant is found guilty or pleads guilty to violating any offense under Chapter 110, the court must order restitution." (Request for Restitution, at 12.) While this is not an unreasonable interpretation, once we have concluded that a showing of proximate cause is required, we cannot dispense with the requirement.

"Restitution is generally available only for losses "caused by" the conduct underlying the offense of conviction." Monzel, 2010 WL 4261429, *7, citing Hughey v. United States, 495 U.S. 411, 416, 110 S.Ct. 1979 (1979). In Monzel, the District Court did find that the victim's losses were proximately caused by the defendant. The Monzel Court declined to apply a "substantial factor" test noting that it had "fallen into disfavor because its lack of concreteness has caused considerable confusion," and that "courts are moving away from the substantial factor test." Id. at *7, *9. Instead the Court applied the "'harm within the risk'" approach adopted in of § 29 of the Restatement (Third) of Torts." Id. at *9. The Court found that proximate causation was found because the "risk" inherent in Monzel's participation in the child pornography market by receiving and possessing such images . . . includes the risk that the children whose abuse is depicted will suffer as a result." Id. at *10. In this Circuit of course we must apply the "substantial factor" test, however, it remains unclear to us how the "harm within the risk" approach used by the Monzel Court is differs from the initial finding that the victim was harmed under the statute, rather than harmed by the particular defendant. See Paroline, 672 F.Supp.2d at 791.

13

Finally, in Hardy, it does appear that the proximate cause finding was based on the fact that the defendant was convicted of distribution of the images. Although Hardy was convicted of receipt, possession, and distribution of child pornography, in the Court's finding that the government had established that Hardy's conduct was a substantial factor in causing the victim's harm, the Court focused on the fact that Hardy circulated the images while making no mention of his receipt or possession:

> Dr. Silberg's Consult draws a connection between Amy's knowledge that the images are *circulating* on the internet and her ongoing psychological condition. (Consult at 3-10). As Ferber teaches, the *distribution* of child pornography does harm the victim depicted in it. Thus, the real issue is not whether Defendant has caused Amy harm-he has, because he *circulated* the images-but whether his doing so is a substantial factor in her overall harm. It is undoubtedly true that harmful images of Amy would be *circulating* on the internet even if it were not for the conduct of Defendant. But, in this Court's estimation, Amy has shown by a preponderance of the evidence that Defendant's conduct aided in the *circulation* of said images, that the *circulation* has harmed her, and that, therefore, Defendant's conduct caused at least part of her overall harm.

Hardy, 707 F.Supp.2d at 613-614 (emphasis added).

We conclude that there is no evidence before the Court "that upon learning of this particular Defendant's conduct, [Amy] suffered any additional loss above and beyond what [she] had already experienced." Berk, 666 F.Supp.2d at 192. As the Court in Berk stated, we are "sympathetic to the difficulty of showing a loss proximately caused by the conduct of any particular defendant[,] [b]ut the Court's sympathy does not override the requirement that such a showing be made before the Court can order restitution." Id. Based upon our review of the evidence, we find that the government has not met its burden to show that this Defendant's possession of two of the victim's images caused the victim a specific loss beyond the generalized harm she has suffered and continues to suffer. As we stated, we do

14

not think the Amy's counsel's position on section 2259 is unreasonable, but until the Circuit Court weighs in on this issue we must apply a proximate cause requirement to the statute.

AND NOW, this _14th_ day of January, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that the Government's Request for Restitution on Behalf of a Victim (Doc. 39) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge
Maurice B. Cohill, Jr.

cc: counsel of record
probation